**Form 145**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Christopher R. Lore**
**Laura L. Lore**
  Debtor(s)

Bankruptcy Case No.: 25−22858−CMB

Chapter: 13
Docket No.: 39

## NOTICE − REMINDER

Pursuant to *Fed.R.Bankr.P. 5009(b),* notice is hereby given that the above−captioned case will be closed without an *Order of Discharge* unless a ***Certificate of Completion of Instructional Course Concerning Personal Financial Management***, *"the Certificate",* is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c)(4)(B).* The deadlines are as follows:

    ***CHAPTER 13 CASES − −*** *Fed.R.Bankr.P. 1007(c)(4)(B)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b).*

    ***ADDITIONAL CHAPTER 13 CASE CERTIFICATION − −*** *11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

    (1)  that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

    (2)  specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

    (3)  that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2);*

    (4)  that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1);* and

    (5)  that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: March 19, 2026

Michael R. Rhodes, Clerk
United States Bankruptcy Court

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                          Case No. 25-22858-CMB

Christopher R. Lore                                                                             Chapter 13

Laura L. Lore

      Debtors

# CERTIFICATE OF NOTICE

| District/off: 0315-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Mar 19, 2026 | Form ID: 145 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 21, 2026:**

**Recip ID**      **Recipient Name and Address**
db/jdb      +  Christopher R. Lore, Laura L. Lore, 1125 Hillman Street, Freedom, PA 15042-1645

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2026      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 19, 2026 at the address(es) listed below:**

**Name**      **Email Address**

Denise Carlon
      on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com

Kenneth Steidl
      on behalf of Joint Debtor Laura L. Lore julie.steidl@steidl-steinberg.com
      ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com

Kenneth Steidl
      on behalf of Debtor Christopher R. Lore julie.steidl@steidl-steinberg.com
      ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com

Keri P. Ebeck
      on behalf of Creditor Duquesne Light Company kebeck@metzlewis.com  btemple@metzlewis.com

District/off: 0315-2                                User: admin                                Page 2 of 2

Date Rcvd: Mar 19, 2026                            Form ID: 145                              Total Noticed: 1

Office of the United States Trustee
                                ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
                                cmecf@chapter13trusteewdpa.com


TOTAL: 6